# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

RONALD ANTASEK, JR.,

    Plaintiff,

v.                                                                                                          Case No: 5:17-cv-55-Oc-30PRL

TJM PROMOS, INC., TRUDI MOORE
and MICHAEL J. MOORE,

    Defendants.
_____

## **ORDER**

THIS CAUSE comes before the Court on the Stipulation for Dismissal with Prejudice (Doc. 11), which the Court construes as a joint motion for dismissal with prejudice. For the reasons below, the Court concludes the parties' stipulation, on its own, is insufficient to permit dismissal of this action with prejudice.

Plaintiff brought this action against his former employer for violations of the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq*. The Court entered an FLSA Scheduling Order, providing in part,

> 3. No later than thirty (30) days after Defendant(s) file(s) the Verified Summary, counsel for Plaintiff(s) and Defendant(s) shall meet and confer in person in a good faith effort to settle all pending issues, including attorneys fees and costs.1 **No agreement, including one as to attorney's fees and costs, shall be binding until approved by the Court.** Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

(Doc. 4) (emphasis in original). The parties conferred in a good faith effort to settle the dispute, and twice asked this Court for extensions to continue settlement discussions. (Docs. 7 and 9). Two days after the Court granted the second extension, the parties filed the Joint Stipulation for Dismissal with Prejudice (Doc. 11), pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

The Court concludes the parties are unable to stipulate to dismissal of the action with prejudice. Unique policy considerations underlie the FLSA based on the inequity of bargaining power between the parties. *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) ("Given the 'often great inequalities in bargaining power between employers and employees,' mandatory protections 'not subject to negotiation or bargaining between employers and employees' are needed to ensure that an employer—who has a strong bargaining position—does not take advantage of an employee." (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982))). For that reason, courts are required to approve settlement agreements. *Lynn's Food*, 679 F.2d at 1352–53.

While some courts have found this requirement to be inapplicable to stipulations to dismiss FLSA cases without prejudice, *see Farias v. Trade Secrets, LLC*, No. 6:14-CV-880-ORL-37, 2014 WL 8771497, at *1 (M.D. Fla. Sept. 18, 2014); *Appleby v. Hickman Const., Inc.,* No. 1:12CV237–SPM/GRJ, 2013 WL 1197758, at *1 (N.D. Fla. Mar. 25, 2013); *Perez–Nunez v. N. Broward Hosp. Dist.*, 609 F. Supp. 2d 1319, 1320 (S.D. Fla. 2009); this Court is unaware of any case authorizing dismissal of an FLSA case with prejudice without Court approval of a settlement agreement. In fact, courts that have

addressed this issue have concluded FLSA cases cannot be dismissed with prejudice absent prior Court approval of the settlement agreement. *See e.g. Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015), *cert. denied,* 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016); *Turner v. Interline Brands, Inc.*, No. 3:16-CV-646-J-39PDB, 2016 WL 7973120, at *2 (M.D. Fla. Nov. 8, 2016); *Pratts v. Ares on Fowler, LLC*, No. 2:15-CV-124-FTM-38CM, 2015 WL 13310790, at *1 (M.D. Fla. Oct. 8, 2015); *Farias*, 2014 WL 8771497, at *1. The Court concurs with the reasoning of the other courts that have addressed this issue and concludes the parties may not stipulate to dismiss this FLSA action with prejudice. The Court will, though, dismiss the case without prejudice.

Accordingly, it is ORDERED AND ADJUDGED that:

1. The parties' Stipulation for Dismissal with Prejudice (Doc. 11), which the Court construes as a joint motion for dismissal with prejudice, is GRANTED IN PART.

2. This case is DISMISSED WITHOUT PREJUDICE.

3. The Clerk is directed to terminate all pending motions as moot and close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of May, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record